14

UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**EDWARD C. NEWMAN, #534920,**

        Plaintiff,

v.

**G. HISSONG,** MDOC Food Service Director, in his Official and Individual capacities.; and
**THE MICHIGAN DEPARTMENT OF CORRECTIONS,** a public government entity.

        Defendants.
_____/

Case:2:19-cv-11751
Judge: Tarnow, Arthur J.
MJ: Morris, Patricia T.
Filed: 06-11-2019 At 03:34 PM
PRIS EDWARD C. NEWMAN V G. HISSONG, ET AL (LG)

Edward C. Newman, #534920
Plaintiff appearing propria persona
Gus Harrison Correctional Facility
2727 East Beecher Road
Adrian, Michigan 49221
_____/

**PLAINTIFF'S COMPLAINT AND JURY DEMAND**

      **Edward C. Newmam, #534920,** for his Complaint states as follows:

**PARTIES**

      **1.**    At all times relevant to this cause of action, Plaintiff Newman was incarcerated at the Gus Harrison Correctional Facility, (ARF), as a security classification level II prisoner in Adrian, MI..

      **2.**    At all times relevant to this cause of action, Plaintiff Newman was a permanent disabled inmate qualified with a disability protected under Title II of the Americans with Disabilities Act, ("ADA"), 42 U.S.C. 12132, and Sec. 504 of the Rehabilitation Act of 1973, 29/U.S.C. Sec. 794(a).

### Defendants

3. At all times relevant to this cause of action, Defendant G. Hissong was a Food Service Director for MDOC at the ARF. Further, in that capacity he acted pursuant to the color of state laws, rules, statutes, policies, directives and regulations, having all the authority and subject to the responsibilities and duties conferred upon him by law together with the United States and State of Michigan Constitutions.

4. At all times relevant to this cause of action, Defendant Michigan Department of Corrections, ("MDOC"), was a government entity acting with a motive of insidious ill will and/or invidious discriminatory animus towards Plaintiff Newman in the work place because of his disability, in violation of Title II of the Americans with Disabilities Act, ("ADA), 42 U.S.C. Sec. 12132 and Sec. 504 of the Rehabilitation Act of 1973, 29/U.S.C. Sec. 794(a).

5. At all times relevant to this cause of action, all of the named defendants are being sued in both their official and individual capacities.

6. At all times relevant to this cause of action, each of the named defendants acted under the color of state law relevant to the allegations complained of in this Complaint.

### JURISDICTION AND VENUE

7. This Honorable Court has original jurisdiction under 28 U.S.C. Secs. 1331 and 1334 over the subject matters of Counts I and II pursuant to 42 U.S.C. Sec. 1983, alleging, inter alia, that Defendant Hissong together with the Michigan Department of

Corrections did deliberately act with discriminatory animus and wrongfully and unlawfully terminate Plaintiff Newman's work assignment, based on his disability, notwithstanding that the Defendants actually knew about plaintiff's permanent disability prior to hiring him, but did so anyway by assigning him to a semi-skilled assignment as a "160-Napkin Roller FS-0006," only to terminate him later due to his disability. (See, **Plaintiff's Exhibit A**).

8. Plaintiff Newman also brings Counts III and IV under Title II of the Americans with Disabilities Act, (ADA), of 1973, 29 U.S.C. Sec. 794(a), alleging, inter alia, that the Defendants purposely discriminated against him when they fired him due to his disability.

9. The Court has supplemental jurisdiction over the plaintiff's state law tort claims under 28 U.S.C. Sec. 1367.

10. Venue is proper in this judicial district under 28 U.S.C. Sec. 1391(b)(2), because this is the district in which all of the events or omissions giving rise to these claims occured.

## EXHAUSTION OF AVAILABLE REMEDIES

11. The plaintiff has exhausted his available administrative remedies with respect to all claims and all defendants.

## FACTUAL ALLEGATIONS

12. Plaintiff Newman is currently incarcerated at the Gus Harrison Correctional Facility in Adrian, Michigan.

13. That on January 30, 2019, Plaintiff Newman was assigned

and cleared for his work assignment as a "160-food service napkin roller" despite having a "no standing" medical detail requiring him not to stand while performing his work assignment.

14. That on February 6, 2019, Defendant Hissong terminated Plaintiff Newman's work assignment based on his disability. (See, **Plaintiff's Exhibit A**).

15. That there is no other legitimate justifiable reason on record or otherwise for Defendant Hissong's termination of Plaintiff Newman's work assignment.

### COUNT I - CLAIM OF EIGHTH AMENDMENT VIOLATION BROUGHT UNDER 42 U.S.C. SEC. 1983

16. That at all times relevant to this cause of action, Defendant Hissong was acting under color of state or territorial law.

17. That at all times relevant to this cause of action, Defendant Hissong denied and deprived Plaintiff of his fundamentally vested constitutional VIII Amendment right against deliberate indifference.

18. That on January 30, 2019, Defendant Hissong hired Plaintiff Newman as a "160-food service napkin roller-FS-0006."

19. That on January 30, 2019, Defendant Hissong had actual knowledge that Plaintiff Newman had a permanent disability medical detail prohibiting him from standing during his work assignment.

20. That from January 30, 2019 until February 6, 2019, Plaintiff Newman had an exemplary work assignment record with not one reported work place infractions.

21. That on February 6, 2019, Defendant Hissong terminated

Plaintiff Newman's workplace assignment without cause or reason.

22. That on February 6, 2019, Defendant Hissong terminated Plaintiff's Newman based on his permanent medical disability detail requiring "no standing." (See, **Plaintiff's Exhibit A**).

23. That Defendant Hissong's conduct in depriving Plaintiff a fair and equal opportunity for employment displayed a deliberate indifference to Plaintiff's serious medical needs and disability, in violation of the Eighth Amendment.

24. That Defendant Hissong subjected Plaintiff Newman to cruel and unusuak punishment, in violation of the Eighth Amendment, by showing such insidious and invidious deliberate indifference to Plaintiff's serious medical needs and disability.

25. As a direct and proximate result of Defendant Hissong's discriminatory actions, Plaintiff Newman suffered mental and emotional pain in violation of his constitutionally protected right to be free from deliberate indifference and cruel and unusual punishment.

### COUNT II - BROUGHT UNDER 42 U.S.C. SEC. 1983
### FAILURE TO ACT RESULTING IN CONSTITUTIONAL VIOLATION

26. That Defendant Hissong either knew, or reasonably should have known that at all times relevant to this cause of action, Plaintiff Newman with a permanent disability had been treated unconstitutionally, and he failed to do anything about it.

27. That Defendant Hissong knew or should have known at all times relevant to this cause of action, that his discriminatory acts or omissions in terminating Plaintiff Newman's work assignment, based on his disability, would result in a violation of vested

constitutional rights did so in a manner that violated the United States Constitution, i.e., that Defendant Hissong deliberately acted with a discriminatory intent.

28. That on February 14, 2019, Defendant Hissong failed to act on Plaintiff Newman's administrative grievance within the prison system that clearly informed him of the discriminatory nature of the claim. Rather, Defendant Hissong failed to act. This sufficiently holds Defendant Hissong liable to Plaintiff Newman. See, **Johnson v. Pearson**, 316 F.Supp.2d 307, 317-18, 321 n.8 (E.D. Va. 2004); **Verser v. Elyea,** 113 F.Supp.2d 1211, 1215-16 (N.D. Ill. 2000).

29. As a direct and proximate result of Defendant Hissong's actions, Plaintiff Newman suffered mental and emotional pain, in violation of his constitutionally protected right to be free from a failure to act.

### COUNT III - CLAIM OF DISABILITY DISCRIMINATION AGAINST MDOC BROUGHT UNDER TITLE II OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. SEC. 12131, ET SEQ.

30. That on January 30, 2019, Defendant Hissong interviewed and hired Plaintiff Newman as a "160-food service napkin roller-FS-0006."

31. That on January 30, 2019, Defendant Hissong knew about Plaintiff Newman's permanent disability medical detail prohibiting him from standing during his work assignment because plaintiff showed it to him.

32. That from January 30, 2019 until February 6, 2019, Plaintiff Newman had an exemplary work assignment record with not one single workplace infraction.

33. That on February 6, 2019, Defendant Hissong terminated Plaintiff's workplace assignment based on his permanent medical disability detail requiring "no standing." (See **Plaintiff's Exhibit A**).

34. In terminating Plaintiff Newman's workplace employment, Defendant Hissong acted with a discriminatory animus towards a permanently disabled individual, in violation of Title II of the Americans with Disabilities Act, ADA, 42 U.S.C. Sec. 12132 and 504 of the Rehabilitation Act of 1973, 29/U.S.C. Sec. 794(a).

35. That the Defendant, Michigan Department of Corrections, by failing to take corrective remedial measures to ensure against insidious and invidious discrimination, denied Plaintiff Newman equal accessibility and participation in the service, benefit or activity of gainful workplace prison employment, in violation of the Americans with Disabilities Act and the Rehabilitation Act of 1973.

36. That through the acts or omissions as described above in paragraphs 13 to 35, the Michigan Department of Corrections, (MDOC), knowingly and intentionally engaged in the practice of acting with a motive of ill will and/or discriminatory animus toward effectuating the termination of Plaintiff Newman, based on his disability, excluding and denying him of the equal opportunity to access viable workplace employment as all others similarly situated, all in violation of the Fourteenth Amendment, and the Title II of the Americans with Disabilities Act, 42 U.S.C. Sec. 12132, et seq., and Sec. 504 of the Rehabilitation Act of 1973, 29 U.S.C. Sec. 794 (a).

7

## COUNT IV - CLAIM OF DISABILITY DISCRIMINATION AGAINST MDOC BROUGHT UNDER SEC. 504 OF THE REHABILITATION ACT OF 1973, 29 U.S.C. SEC. 794(a)

37. That Defendant Michigan Department of Corrections, (MDOC), through its acts or omissions as described above, is a state entity that, based on information and belief, received and continues to receive federal funding in vilation of Sec. 504 of the Rehabilitation Act of 1973, 29 U.S.C. Sec. 794(a), and Title II of the Americans with Disabilities Act, 42 U.S.C. Sec. 12131, et seq., despite engaging in insidious and invidious discriminatory animus denying employment opportunities based on Plaintiff Newman's disability.

## COUNT V - WANTON AND WIFUL MISCONDUCT

38. That Defendants, and each of them, did act in a waton and wilfull misconduct manner when they breached their affirmative duty of care when they failed to act and instead acted with discriminatory animus when they caused the termination of Plaintiff's workplace employment , based on his disability, causing the deprivation of vested constitutional rights, which rose out of the special duty and relationship between the parties hereto.

39. The Defendants acts or omissions as set forth more fully above constitutes wilfull and wanton misconduct as defined by MCL 691.141 et seq., and as such, prevents defendants from asserting a defense of governmental immunity.

40. That as a result of Defendants' wanton and wilful discriminatory misconduct, Plaintiff Newman has been denied the

minimal civilized measure of life's neccessities resulting in, inter alia, emotional distress, severe anxiety, loss of sleep, mental anguish, humiliation and fraught with extreme consternation for his life, safety and welfare.

## RELIEF REQUESTED

**WHEREFORE,** for these said reasons, Plaintiff Newman prays for judgment in his favor and against Defendants G. Hissong and the Michigan Department of Corrections, (MDOC), as follows:

A. Award Plaintiff compensatory damages in the amount of: **Seventy-Five Thousand ($75,000.00) Dollars;**

B. Award Plaintiff Newman punitive and/or exemplary damages in the amount of: **Two Hundred Thousand ($200,000.00) Dollards;**

C. Award Plaintiff Newman appropriate relief as provided under **Title II of the Americans with Disabilities Act, (ADA), 42 U.S.C. Sec. 12132 et seq.;**

D. Award Plaintiff Newman appropriate relief as provided under **Sec. 504 of the Rehabilitation Act of 1973, 29 U.S.C. Sec. 794(a);**

E. Award Plaintiff such further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff Newman demands a jury on all issues triable to a jury.

Plaintiff has no previous history of federal litigation.

9

Respectfully submitted,

*Edward Newman*
**Edward C. Newman, #534920**
**Plaintiff appearing propria persona**
Gus Harrison Correctional Facility
2727 Beecher Road
Adrian, Michigan  49221

Dated: **May 15, 2010**

# EXHIBIT A

# MICHIGAN DEPARTMENT OF CORRECTIONS
## PRISONER PROGRAM AND WORK ASSIGNMENT EVALUATION

CSJ-363
REV. 09/06
4835-3363

**Prisoner Name (last):** Newman (first) Edward (middle initial)
**Prisoner No.:** 534920
**Lock No.:** 3-107
**Institution Code:** ARF-N

**Assignment Name:** 160 - NAPKIN ROLLER · FS-0006
**Assignment No.:** 694
**Date Assigned:** 1-30-19
**Date Evaluated:** 2-6-19

**Assignment Classification:** ☐ Student ☐ Unskilled ☒ Semi-Skilled ☐ Skilled ☐ Other
**Race:** [blank]
**Date Terminated:** 2-6-19
**Will Take Back:** ☐ Yes ☐ No

Circle the number beside each statement which describes the prisoner's work/school assignment:

| Statement | 3 or more exceptions | 1-2 exceptions | No exceptions |
|---|---|---|---|
| 1. The prisoner was on time. | 0 | 2 | 3 |
| 2. The prisoner came on the correct days. | 0 | 2 | 3 |
| 3. The prisoner followed all safety rules. | 0 | 2 | 3 |
| 4. The prisoner followed all other rules. | 0 | 2 | 3 |
| 5. The prisoner followed the assignment authority's instructions. | 0 | 2 | 3 |
| 6. The prisoner cooperated with the assignment authority, followed the working chain of command and refrained from arguing about assignments. (Working relationship with Authority) | 0 | 2 | 3 |
| 7. The prisoner discussed work/education related problems with peers/tutor, listened to peer's/tutor's point of view, encouraged discussion without argument and limited disruptive vocalizations. (Communication with Peers) | 0 | 2 | 3 |
| 8. The prisoner did the assignment share of the work/education assignment, remained in the assigned area until the end of the shift and engaged in no horseplay. (Teamwork with Peers) | 0 | 2 | 3 |
| 9. The prisoner kept a neat, clean and well groomed personal appearance, suitable for the assignment. | 0 | 2 | 3 |
| 10. The prisoner did job/education tasks according to the job/education description. | 0 | 2 | 3 |
| 11. The prisoner kept the work area neat and clean. | 0 | 2 | 3 |
| 12. The prisoner worked without constant supervision or direction when appropriate. | 0 | 2 | 3 |
| 13. The prisoner was willing to perform additional duties or stay beyond scheduled time. When asked, the prisoner did not argue or complain and performed additional assignments in a satisfactory manner. | 0 | 2 | 3 |
| COLUMN TOTAL | | | |
| TOTAL SCORE | | | |

**REVIEWED: Prisoner's Signature:** _____ **Date:** _____

**I RECOMMEND:**
☐ Entry Pay with 30 Days Conditional · Below Average Score 0-27
☐ * Above Average Score 35-39   ☐ Bonus Pay for Food Service Workers   ☐ Status Pay Satisfactory · Average Score 28-34
☒ Termination   ☐ Close Supervision

* No notations in the 3 or more exceptions column.

**Fill in the appropriate information for school programming**

14. Academic CBI Modules in Progress ☐ N/A   Subject: _____ Letter/Number: _____
15. GED Test Version _____   Avg. Standard Score _____   Date Tested _____
16. Voc Ed Program in Progress ☐ N/A   Duties (capital letter) Completed. If duty not complete, print duty letter & task (number) completed.
17. Pre-Release/Job Seeking Skills Completed ☐ YES ☐ NO
18. Completed training to operate the following machinery or equipment: _____   Date Completed: _____
19. Attendance   Hours Attended _____ Hours Missed _____   Date Completed: _____

**COMMENTS AND RECOMMENDATIONS:** ___ing a No standing detail. Requesting termination Due to offender

**Evaluator's Signature:** _____
**Evaluator's Printed Name and Title:** _____

**Supervisor's Signature:** [signed]
**Supervisor's Printed Name and Title:** _____   2/14/19

DISTRIBUTION: White – Record Office; Green – Assignment Supervisor; Canary – School Principal/Classification Director; Pink – RUM; Goldenrod – Prisoner

US POSTAGE // PITNEY BOWES
$001.60
6-4-19

RECEIVED
JUN 11 2019
CLERKS OFFICE
U.S. DISTRICT C.

US MARSHALS

From: Edward C. Newman, # 534920
Gus Harrison Correctional Facility
2727 East Beecher Street
Adrian, MI 49221

To: Clerk of The Court
United States District Court, Eastern District of MI
Theodore Levin U.S. Courthouse
231 W. Lafayette Blvd.
Detroit, MI 48226

# CIVIL COVER SHEET FOR PRISONER CASES

| | | |
|---|---|---|
| **Case No.** 19-11751 | **Judge:** Arthur J. Tarnow | **Magistrate Judge:** Patricia T. Morris |

| **Name of 1st Listed Plaintiff/Petitioner:** <br> EDWARD C. NEWMAN | **Name of 1st Listed Defendant/Respondent:** <br> G. HISSONG ET AL |
|---|---|
| **Inmate Number:** 534920 | **Additional Information:** <br> DM NO IFP |
| **Plaintiff/Petitioner's Attorney and Address Information:** | |
| **Correctional Facility:** <br> Gus Harrison Correctional Facility <br> 2727 E. Beecher Street <br> Adrian, MI 49221 <br> LENAWEE COUNTY | |

**BASIS OF JURISDICTION**
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question

**NATURE OF SUIT**
- ☐ 530 Habeas Corpus
- ☐ 540 Mandamus
- ☒ 550 Civil Rights
- ☐ 555 Prison Conditions

**ORIGIN**
- ☒ 1 Original Proceeding
- ☐ 5 Transferred from Another District Court
- ☐ Other:

**FEE STATUS**
- ☒ IFP *In Forma Pauperis*
- ☐ PD Paid

**PURSUANT TO LOCAL RULE 83.11**

1. Is this a case that has been previously dismissed?
    - ☐ Yes        ☒ No
    - ➢ If yes, give the following information:
        - Court: _____
        - Case No: _____
        - Judge: _____

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)
    - ☐ Yes        ☒ No
    - ➢ If yes, give the following information:
        - Court: _____
        - Case No: _____
        - Judge: _____