UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD NEWMAN,                                Case No. 19-11751

     Plaintiff,                            Stephanie Dawkins Davis
v.                                           United States District Judge

G. HISSONG, *et al*.,                        Patricia T. Morris
                                             United States Magistrate Judge
     Defendants.
_____/

**OPINION AND ORDER ACCEPTING AND ADOPTING IN PART
AND DECLINING TO ACCEPT OR ADOPT IN PART THE
REPORT AND RECOMMENDATION (ECF No. 22), GRANTING
IN PART AND DENYING IN PART MOTION FOR PARTIAL
SUMMARY JUDGMENT (ECF No. 17) AND DENYING
PLAINTIFF'S MOTIONS AS MOOT (ECF Nos. 37, 38)**

## I.    INTRODUCTION

This matter is before the Court on a motion for partial summary judgment

filed by defendants, G. Hissong and the Michigan Department of Corrections.  This

Court referred the matter to Magistrate Judge Patricia T. Morris, who issued a

Report and Recommendation recommending that the Court grant the motion for

partial summary judgment, dismissing the claims against defendant Hissong,

dismissing Count II in its entirety, and dismissing any official capacity claims

against Hissong and the Michigan Department of Corrections (MDOC), leaving in

place only plaintiffs' claims under the Americans With Disabilities Act, 42 U.S.C.

§ 12101, *et seq.*, and the Rehabilitation Act, 29 U.S.C. § 701, *et seq.*, against the

MDOC. (ECF No. 22, PageID.128).

The court had previously adopted the report and recommendation based on

the lack of any objections being filed. (ECF No. 24). However, Newman filed a

letter stating that he never received a copy of the report and recommendation,

which the court treated as a motion for reconsideration. (ECF No. 30,

PageID.155). Defendants did not oppose the motion and the court allowed

Newman to file objections. *Id*. Newman filed his objections, defendants

responded, and the matter is ready for court's determination. (ECF Nos. 35, 39).

## II. ANALYSIS AND CONCLUSION

### A. Legal Standard

A party may object to a magistrate judge's report and recommendation on

dispositive motions, and a district judge must resolve proper objections under a *de

novo* standard of review. 28 U.S.C. § 636(b)(1)(B)-(C); Fed. R. Civ. P. 72(b)(1)-

(3). This court "may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "For an

objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires

parties to 'specify the part of the order, proposed findings, recommendations, or

report to which [the party] objects' and to 'state the basis for the objection.'"

*Pearce v. Chrysler Group LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018).

Objections that dispute the general correctness of the report and recommendation are improper. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Moreover, objections must be clear so that the district court can "discern those issues that are dispositive and contentious." *Id.* (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *See also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (explaining that objections must go to "factual and legal" issues "at the heart of the parties' dispute"). In sum, the objections must be clear and specific enough that the court can squarely address them on the merits. *See Pearce*, 893 F.3d at 346. And, when objections are "merely perfunctory responses . . . rehashing . . . the same arguments set forth in the original petition, reviewing courts should review [a Report and Recommendation] for clear error." *Ramirez v. United States*, 898 F.Supp.2d 659, 663 (S.D.N.Y. 2012); *See also Funderburg v. Comm'r of Soc. Sec.*, 2016 WL 1104466, at *1 (E.D. Mich. Mar. 22, 2016) (Hood, J.) (noting that the plaintiff's objections merely restated his summary judgment arguments, "an approach that is not appropriate or sufficient.").

B.  <u>Exhaustion</u>

The report and recommendation summarized the parties' dispute regarding exhaustion as follows:

> In the instant case, Defendants contend that although Plaintiff exhausted a grievance regarding the same termination of employment as alleged in the instant complaint, his grievance named only Food Service Direct

[sic] Assad and did not mention Defendant Hissong. Defendants attach an affidavit from Carolyn Nelson, Departmental Analyst and the actual grievance reports, showing that only Assad was mentioned in the relevant grievance, ARF-19-02-0280-02a. (ECF No. 17, PageID.91-98.) Defendants further argue that Plaintiff's "grievance against Assad did not function to exhaust the administrative remedies of [Plaintiff's] claims against Hissong." (ECF No. 17, PageID.72.) Defendants conclude that Defendant Hissong should therefore be dismissed for failure to exhaust. (ECF No. 17 PageID.73.) Plaintiff counters that his grievance identified the Food Service Director "not by name, but his title, he has satisfied the administrative exhaustion requirement." (ECF No. 19, PageID.101.) However, as Defendant notes in his reply, the grievance named Assad specifically by name and did not rely on the title of Food Service Director; since Hissong was not named in the grievance, Defendant Hissong was assigned the role of responding to the grievance. (ECF No. 21, PageID.114; ECF No. 17, PageID.97.)

(ECF No. 22, PageID.123-124). In concluding that Newman had not exhausted his administrative remedies against Hissong, the report and recommendation analyzed the issue as follows:

> Defendant is correct that a grievance exhausts administrative remedies only as to the individuals and issues named in the grievance. *See generally Ford v. Martin*, 49 F. App'x 584, 585 (6th Cir. 2002) (finding failure to exhaust when the issues in the "grievances did not raise the same issues as those asserted in the . . . complaint"); *Baldridge-El v. Gundy*, 238 F.3d 419 (6th Cir. 2000) (finding claims were properly dismissed when they were not included in the grievances the plaintiff had filed); *Pasley v. Maderi*, No. 13-13251, 2014 WL 5386914, at *4 (E.D. Mich. Sept. 15, 2014) (finding that a prisoner's grievance was properly

> exhausted only against those prison officials actually
> named the complaint, and was not exhausted as to other
> prison officials who the prisoner alleged in his
> complaint were also involved in his maltreatment).

(ECF No. 22, PageID.24).

The court finds the cases identified in the report and recommendation to be either largely inapposite or distinguishable. In *Ford v. Martin*, the court of appeals, in a pre-*Jones v. Bock*[1] decision, determined that the plaintiff failed to meet his burden of showing that he had exhausted certain claims. While the district court had alternatively determined that the plaintiff had failed to exhaust because he also failed to identify certain defendants in the grievances, that ground was not adopted by the court of appeals. *Id*. at 585. Similarly, *Baldridge-El v. Gundy*, is a pre-*Jones v. Bock* case and was focused on whether the plaintiff raised particular issues in his grievances, not whether he identified particular defendants. *Id*. at *1. Accordingly, the court does not find these cases to be dispositive of the issue before it.

In *Pasley v. Maderi*, the court concluded that two defendants who were not identified in the plaintiff's grievance should be dismissed because the MDOC grievance policy (which is the same policy applicable here) required the plaintiff to

---

[1] Notably, two of the primary cases relied on in *Ford v. Martin* were abrogated by *Jones v. Bock*. *See Brown v. Toombs*, 139 F.3d 1102 (6th Cir. 1998), abrogated by *Jones v. Bock*, 549 U.S. 199 (2007); *Knuckles El v. Toombs*, 215 F.3d 640 (6th Cir. 2000), abrogated by *Jones v. Bock*, 549 U.S. 199 (2007). *Baldridge-El v. Gundy* similarly relied on *Brown v. Toombs*.

identify those defendants in the grievance. The plaintiff was deemed to have exhausted against a third defendant, whose name did appear in the plaintiff's grievance along with a detailed description of his conduct. There, the court was not confronted with a misnamed party; it went on to contrast the failure to name certain defendants with the detailed description of the conduct of the defendant identified in the grievance. *Id*. at *4. Here, Newman identifies "Food Service Director Assad" instead of "Food Service Director Hissong" and goes on to describe the actions of the Food Service Director in firing him. It is apparent, unlike the grievance in *Pasly*, that Newman was attempting to name the Food Service Director, despite the misnomer. This added information places the case is on a different footing.

"The purpose of a grievance is to give prison officials fair notice of the conduct that underlies the Plaintiff's legal claim." *Salami v. Trumbly*, 2020 WL 6389839, at *3 (E.D. Mich. Sept. 4, 2020) (citing *Jones v. Bock*, 549 U.S. at 219 ("'We are mindful that the primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued; the grievance is not a summons and complaint that initiates adversarial litigation'") (quoting *Johnson v. Johnson*, 385 F.3d 503, 522 (5th Cir. 2004)). The court finds persuasive Newman's argument that he was trying to name the Food Service Director and merely misnamed him. Despite the

misnomer, the grievance here is similar to those where courts have found exhaustion despite a failure to name where the title or category of persons identified was sufficient to provide notice of the issue to be addressed and it was so addressed on the merits. *See Sedore v. Greiner*, 2020 WL 8837441, at *7 (E.D. Mich. Sept. 21, 2020), report and recommendation adopted sub nom. *Sedore v. Campbell*, 2021 WL 405987 (E.D. Mich. Feb. 5, 2021) ("[F]ailure to name an individual later sued is not necessarily fatal to a prisoner's suit so long as prison officials had fair notice of the claim raised against the defendants such that there is an opportunity to resolve it."). "Since the Supreme Court decided *Jones v. Bock*, the Sixth Circuit has stated that courts ought not impose severe technical requirements on prisoners who comply with the spirit and purpose of the administrative exhaustion rules." *Cary v. Washington*, 2018 WL 5117812, at *6-7 (E.D. Mich. July 31, 2018) (Davis, MJ, report and recommendation adopted, 2018 WL 4501480 (E.D. Mich. Sept. 20, 2018) (Goldsmith, J.). "We have … explained that the purpose of the PLRA's exhaustion requirement 'is to allow prison officials a fair opportunity to address grievances on the merits, to correct prison errors that can and should be corrected and to create an administrative record for those disputes that eventually end up in court.'" *Mattox v. Edelman*, 851 F.3d 583, 591 (6th Cir. 2017) (quoting *Reed-Bey v. Pramstaller*, 603 F.3d 322, 324 (6th Cir. 2010)); *see also Hall v. Raja*, 2010 WL 3070145, at *5 (E.D. Mich. Apr. 26, 2010)

(holding that prisoner had exhausted his administrative remedies despite the fact that he did not specifically name the medical staff whose decisions he grieved).

Further, the fact that prison officials here addressed Newman's grievance on the merits indicates the purpose of exhaustion was satisfied:

> A fair indicator that the purpose of the grievance was fulfilled is the prison's response to the inmate's complaint. If the information in the grievance is too vague or imprecise, a response so indicating would tell the interested parties that more detail is necessary. However, when the prison officials address the merits of the prisoner's complaint without mentioning a problem identifying the object of the grievance, the administrative system has worked, and the prison officials have had the "opportunity to correct [their] own mistakes." *Woodford*, 548 U.S. at 89 (internal citation and quotation marks omitted).

*Harris-Bey v. Alcodray*, 2017 WL 3124328, at *3 (E.D. Mich. July 24, 2017) (Lawson, J.). The facts and circumstances in *Moffat v. MDOC*, 2010 WL 3906115, *7 (E.D. Mich. 2010) illustrate this point. In *Moffat*, the court found that the leading purposes of the exhaustion requirement were met where prison officials were alerted to the plaintiff's complaints, the MDOC addressed all of plaintiff's allegations on their merits, and the litigation was improved by the preparation of a useful record despite the fact that plaintiff failed to name the defendants in his grievance. *Id*. *Moffat* is consistent with the Sixth Circuit's decision which was issued the month preceding it in *Reed-Bey v. Pramstaller*, 603 F.3d 322 (6th Cir. 2010). There, the Sixth Circuit joined the majority of other circuits that had then

ruled on the issue in holding that a prison administration's actions in addressing a grievance on the merits rather than enforcing its own procedural requirements operates as a forfeiture of any later argument that a grievant failed to exhaust. In *Reed-Bey*, the plaintiff/grievant had failed to name the individuals involved in his grievance, but prison officials nevertheless addressed the merits of the plaintiff's claims in the administrative proceedings. Finding that the prison officials thereby forfeited their failure to exhaust defense, the court declared, "When prison officials decline to enforce their own procedural requirements and opt to consider otherwise-defaulted claims on the merits, so as a general rule will we." *Id*. at 325.

Here, prison officials addressed the merits of Newman's grievance through all three steps of the grievance process. (ECF No. 17-2). They did not reject the grievance because Newman misnamed the Food Service Director. Indeed, Hissong was the named respondent in the grievance process. (ECF No. 17-2, PageID.97-98). There is no dispute that prison officials understood that Newman identified Hissong in the grievance, despite the misnomer. Accordingly, the court finds that Newman exhausted his grievance against defendant Hissong and summary judgment on this ground is **DENIED**.

Based on the foregoing, the undersigned declines to accept or adopt the report and recommendation in part and defendants' motion for partial summary judgment based on the failure to exhaust administrative remedies is **DENIED**.

C.   Remaining Conclusions in Report and Recommendation.

The report and recommendation also concluded that the ADA and RA claims could proceed against the MDOC, but not Hissong.  In addition, the report and recommendation concluded that Count II should be dismissed because it was based on supervisory liability only.  Lastly, the report and recommendation concluded that the official capacity claims against Hissong and the claims against the MDOC (excepting the ADA and RA claims) were barred by Eleventh Amendment immunity.  No objections to these conclusion have been lodged. "[T]he failure to object to the magistrate judge's report[] releases the Court from its duty to independently review the matter."  *Hall v. Rawal*, No. 09-10933, 2012 WL 3639070, at *1 (E.D. Mich. Aug. 24, 2012) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)).  The Court therefore finds that the parties have waived further review of the Magistrate Judge's Report on the foregoing issues and it **ACCEPTS** and **ADOPTS** the recommendations contained therein as to the ADA and RA claims, the dismissal of Count II, and Eleventh Amendment immunity.

D.   Plaintiff's Motions

Plaintiff has moved for an extension of time to reply to defendants' response and has moved to supplement the record with an affidavit.  (ECF Nos. 37, 38). Given the conclusions reached above on the merits, these motions are **DENIED** as moot.

In summary, defendants' motion for summary judgment on exhaustion of administrative remedies is **DENIED**; Count II of the complaint against defendant Hissong is **DISMISSED**; the ADA and RA claims against Hissong are **DISMISSED** but remain as to the MDOC; and the claims against Hissong in his official capacity and the claims against the MDOC (excepting the ADA and RA claims) are **DISMISSED**.

**IT IS SO ORDERED**.

Dated: June 22, 2021

s/Stephanie Dawkins Davis
Stephanie Dawkins Davis
United States District Judge